*387 ORDER (Dismissal)
TODD R. MATHA, Associate Judge.
INTRODUCTION
The Court must determine whether to dismiss the instant case against the defendants with or without prejudice. The Court reviews the applicable procedural rules for purposes of rendering this decision. The analysis of the Court follows below.
PROCEDURAL HISTORY
The plaintiff, Troy S. Westphal, by and through Attorney William J. Grogan, initiated the current action by filing a Complaint with the Court on July 24, 2002.[1] Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint on July 24, 2002, and delivered the documents by personal service to the defendants’ representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ).[2] The Summons informed the defendants of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2). The Summons also cautioned the defendants that a default judgment could result from failure to file within the prescribed time period.
The defendants, by and through DOJ Attorney Michael P. Murphy, timely filed its Answer on August IS, 2002. The Court reacted by mailing Notice(s) of Hearing to the parties on. August 29, 2002, informing them of the date, time and location of the Scheduling Conference. The Court convened the Scheduling Conference on October 8, 2002 at 1:30 p.m. CDT. The following parties appeared at the Conference: DOJ Attorney Michael P. Murphy, defendants’ counsel. The following party failed to make an appearance, and did not inform the Court of an inability to attend the hearing: Troy S. Westphal, plaintiff. The Court postponed the Scheduling Conference due to his absence as permitted by HCN R. Civ. P. 44(C), and memorialized this decision in its October 11, 2002 Order (Granting Plaintiff Leave to Reschedule).
On October 17, 2002, the plaintiff submitted the Amended Complaint, naming Bally Gaming, Inc. as a co-defendant. The Court, however, declined to accept the document since the plaintiffs counsel had neither sought admission with the Ho-Chunk Nation Bar nor the ability to make a special appearance. See HCN R. Civ. P. 16(B); see also Scheduling Conference (LPER at 1, Apr. 28, 2003, 02:42:18 CDT). Attorney William J. Grogan corrected this deficiency on October 28, 2002, when he filed the Motion to Appear Pro Hoc Vice.
Shortly thereafter, the Court mailed Notice(s) of Hearing to the parties on November 5 2002, informing them of the date, time and location of the Scheduling Conference. The Court convened the Scheduling Conference on December 9, 2002 at 3:30 p.m. GST. The following parties appeared at the Conference: Attorney William J. Grogan, plaintiff s counsel (by tele *388 phone), and DOJ Attorney Michael P. Murphy, defendants’ counsel. The Court entered the Scheduling Order on December 10, 2002, setting forth the applicable timeline of the instant case.
On March 31, 2003, the plaintiff filed a Request to Admit and a Request for Production of Documents.[3] The parties also requested an extension of certain timelines in the Scheduling Order. The Court entered its March 31, 2003 Order reflecting the parties’ agreement.
On April 15, 2003, the Court granted the special appearances of the following legal counsel on behalf of Bally Gaming: Attorneys Steven L. Nelson, Jeffrey J. Conta and Lee M. Seese. Due to several unresolved matters, the Court determined to schedule a Status Hearing. The Court mailed Notice(s) of Hearing to the parties, including Bally Gaming, on April 15, 2003, informing them of the date, time and location of the Hearing.
Prior to convening the Status Hea,ring, the defendants filed the Motion to Dismiss and accompanying Brief in Support of Defendants’ Motion to Dismiss on April 17, 2003. The Court reacted by entering its April 18, 2003 Order (Motion Hearing) in which the Court related its intention of entertaining the recently filed motion at the Status Hearing. Consequently, the plaintiff submitted a Motion for Extension of Time on April 24, 2003, but failed to note proper service upon the defendants. See Notice of Deficiency re: Certificate of Service (Apr. 25, 2003); see also HCN R. Civ. P. 5(B). The plaintiff attempted to correct this defect in its April 28, 2003 Afidavit of Mailing, but only indicated service of process upon the Court. This filing likewise prompted a Notice of Deficiency.
The Court convened the Status Hearing on April 28, 2003 at 2:30 p.m. CDT. The following parties appeared at the Hearing: Attorney William J. Grogan, plaintiffs counsel (by telephone), and DOJ Attorney Michael P. Murphy, defendants’ counsel. Attorney Steven L. Nelson also made an appearance on behalf of Bally Gaming. In the presence of the Court, the plaintiff served Bally Gaming with a copy of the Amended Complaint, and none of the parties objected to the Court’s decision to afford the newly named defendant twenty (20) days to file its answer. Status Hr’g (LPER at 1, Apr. 28, 2003, 02:42:18 CDT). The parties, however, later stipulated to resolving the Motion to Dismiss prior to requiring a responsive pleading. Id. at 2, 02:52:00 CDT.
The Court accordingly granted the plaintiffs oral motion for an extension of time to respond to the pending motion. Id., 02:48:53 CDT. By agreement of the parties, the Court scheduled a Motion Hearing for May 16, 2003 at 1:30 p.m. CDT. Id., 02:53:44 CDT. Bally Gaming joined its co-defendants’ Motion to Dismiss through correspondence submitted on May 7, 2003. It formally filed its Brief in Support of Defendants Ho-Chunk Na,tion’s and Ho-Chunk Casino’s Motion to *389 Dismiss on May 14, 2003. This filing followed the plaintiffs Motion for Voluntary Dismissal in which he requested “the Court to dismiss the complaint and amended complaint of plaintiff without prejudice pursuant to Rule 56(A) of the [Ho-Chunk Nation] Rules of Civil Procedure.” Mot, for Voluntary Dismissal (May 12, 2003).
On May 20, 2003, the defendants, Ho-Chunk Nation (hereinafter HCN or Nation) and Ho-Chunk Casino, filed an objection in letterform to the plaintiffs Motion for Voluntary Dismissal, The defendant, Bally Gaming, submitted a similar correspondence on May 27, 2003. In response, the Court scheduled a Motion Hearing, and mailed Notice(s) of Hearing to the parties on June 2, 2003. The Court convened the Motion Hearing on July 8, 2003 at 1:30 p.m. CDT. The following parties appeared at the Hearing: Attorney William J. Grogan, plaintiffs counsel (by telephone); DO J Attorney Michael P. Murphy, defendants’ counsel; and Attorney Steven L. Nelson, defendant’s counsel.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Article VII—Judiciary
Sec. 5. Jurisdiction of the Judiciary.
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in the Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
Article XII—Sovereign Immunity
Sec. 1, Immunity of Naiiou from Suit., The Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity, and officials or employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit,
WISCONSIN WINNEBAGO TRIBE AND STATE OF WISCONSIN GAMING COMPACT OF 195)2
Ait. V—Conduct of Games; Generally
Sec. E. The Tribe shall provide and publish procedures for impartial resolution of a player dispute concerning the conduct of a game which shall be made available to customers upon request.
HO-CHUNK NATION AMENDED AND RESTATED GAMING ORDINANCE
Ch. 17-Miscellaneous Provisions
Sec. 1709. Customer Disjmtes. Any person who has any dispute, disagreement or other grievance that involves currency, tokens, coins or other thing of value and is between the customer or player and the Gaming Facility, may raise such dispute with the following persons and in the following order: (a) a member of the staff of the Gaming Facility, (b) the supervisor in the area in which the dispute arose, (c) the General Manager of the Gaming Facility and (d) the Gaming Commission.
Sec. 1710. Customer Rights Regarding Disputes. At each level, the complainant has the right to explain his or her side of the dispute, and to present witnesses in connection with any factual allegation. At each level, if the dispute remains unresolved, the complainant shall be given a copy of the impartial dispute resolution procedures required under Sec. V.E . of the *390 Compact, and informed of the right to take the dispute to the next higher level as set forth in Section 1709 Customer Disputes, Resolution of any dispute by staff of the Gaming Facility shall always involve two or more staff members. All disputes, whether resolved or not, shall be the subject of a detailed report by all staff involved to their supervisors, or, in the case of the General Manager, to the Gaming Commission.
Sec. 1711. Gaming Commission Action on Customer Disputes. All disputes which are submitted to the Gaming Commission shall be decided by the Commission based on information provided by the complainant, any witnesses for or documents provided by the complainant, or by the General Manager of the Gaming Facility or any other person who has relevant information to provide. The decision of the Commission shall be in writing, shall be issued within 14 days of submission of the matter to the Commission, and shall be provided to the General Manager of the Gaming Facility and the complainant.
HO-CHCNK NATION' RCLKS OF CIVIL I’ROCKDLRK (updated Feb. 11, 2002)
Rule 3. Complaints,
General. A civil action begins by filing a written Complaint with the clerk of court and paying the appropriate fees. The Complaint shall contain short, plain statements of the grounds upon which the Court’s jurisdiction depends; the facts and circumstances giving rise to the action; and a demand for any and all relief that the party is seeking. Relief should include, but is not limited to the dollar amount that the party is requesting. The Complaint must contain the full names and addresses of all parties and any counsel, as well as a telephone number at which the Complainant may be contacted. The Complaint shall be signed by the filing party or his/her counsel, if any.
Rule 5. Notice of Service of Process.
(A) Definitions.
(2) Summons. The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See HCN R. Civ. P. 6) and that a Default Judgment may be entered against them if they do not file an Answer in the prescribed time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
(B) General. Any time a party files a document other than the Complaint with the Court in relation to a case, the filing party must serve copies on the other parties to the action and provide Certificate of Sendee to the Court. Any time the Court issues an Order or Judgment in the context of an active case, the Court must serve copies on all parties. Service of process can be accomplished as outlined in Section (C).
Rule 16. Signature of Parties and, Counsel; Special Appearances.
(A) The Complaint and Ansiver shall be signed by the party or his/her counsel. The signature means the statements in the pleading are made in good faith, are believed to be true and accurate, and are based upon adequate research or investigation. The Court may impose sanctions if it finds statements in a pleading are not made in good faith, contain intentional misstatements, or are not based upon adequate research or investigation. This includes omitting material facts or law' which the person knew, or should have reasonably known, was relevant to the action. Sanctions may include removing issues *391 from consideration in the action, imposing costs and counsel fees, and any other relief which may be appropriate under the circumstances.
(B) Counsel not admitted to practice before the Ho-Chunk Nation Courts may be permitted to appear on behalf of a client by Special Appearance in an action. In order to be permitted to make a special appearance, counsel must file a motion to allow the special appearance; a proposed Order; and an affidavit containing the oath or affirmation for admission to practice, stating that they are admitted to practice in another state, federal or tribal jurisdiction, and stating they have been in actual practice for two or more years. They must also submit a processing fee for the special appearance of $35.00.
Rule 21. Amendments to Pleadings.
Parties may amend a Complaint or Answer one time without leave of the Court prior to the filing of a responsive pleading, or if no responsive pleading is permitted, at any time within twenty (20) days of the original filing date. Subsequent amendments to Con/plaints or Answers may only be made upon leave of the Court and a showing of good cause, or with the consent of the opposing party. All amendments to the Complaint or Answer must be filed at least thirty (30) calendar days prior to trial or as otherwise directed by the Court. When an Amended Complaint or Answer is filed, the opposing party shall have ten (10) calendar days, or the time remaining in then- original response period, whichever is greater, in which to file an amended responsive pleading.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Rule 44. Presence of Parties and Witnesses.
(C) Failure to Appear. If any party tails at a hearing or trial for which they received proper notice, the case may be postponed or dismissed, a judgment may be entered against the absent party, or the Court may proceed to hold the hearing or trial.
Rule 56. Dismissal of Actions.
(A) Voluntary Dismissal. A plaintiff may file a Notice, of Dismissal any time prior to the filing of an Answer. The Complaint will be dismissed without prejudice.
(B) Involuntary Dismissal. After an Answer has been filed, a party must file a Motion to Dismiss. A Motion to Dismiss will be granted at the discretion of the Court. A Motion to Dismiss may be granted for a lack of jurisdiction; if there has been no Order or other action in a case for six (6) months; if a party substantially fails to comply with these rules; if a party substantially fails to comply with an order of the Court; if a party fails to establish the right to relief following presentation of all evidence up to and including trial; or, if the plaintiff so requests.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing *392 of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving-a fair trial or a substantial legal error which affected the outcome of the action.
Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C)Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(1)(a)® or (); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE (adopted Feb. 22, 1997)
Rule 56. Dismissal of Actions.
(A) Voluntary Dismissal, A party filing a Complaint may file a Notice of Dismissal any lime prior to the filing of a Re- *393 spouse and the Complaint will be deemed dismissed without prejudice.
(B) Involuntary Dismissal. At any other time in the action, a party must file a Motion to Dismiss. A Motion to Dismiss may be granted (1) if there has been no Order or other action in a case for six (6) months, or, (2) if a party substantially fails to comply with these rules, or, (3) if a party substantially fails to comply with an order of the Court, or, (4) if a party fails to establish the right to relief following presentation of all evidence at trial. An Order to dismiss a claim is a dismissal with prejudice.
FINDINGS OF FACT
1. The parties received proper notice of the July 8, 2008 Motion Hearing.
2. The plaintiff, Troy S. Westphal, is a non-member, and resides at W2707 County Road H, Pine River, WI 54965.
3. The defendant, HCN, is a federally recognized Indian tribe with principal offices located on trust lands at the HCN Headquarters, W9814 Airport Road, P.O. Box 667, Black River Falls, WI. The defendant, Ho-Chunk Casino, is a wholly owned governmental entity of the Nation located on trust lands at S3214 Highway 12, Bara-boo,WI 53913.
4. The defendant, Bally Gaming, is a subsidiary of Alliance Gaming Corporation with corporate headquarters located at 6601 South Bermuda Road, Las Vegas, NV 89119.
5. On January 27, 2002, the plaintiff patronized the Ho-Chunk Casino, and proceeded to play a Class III gaming device allegedly manufactured by Bally Gaming. Defs.’ Answer at 1-2; Compl. at 1-2. The plaintiff disputed the amount and/or receipt of a jackpot, and immediately filed a Patron Dispute Resolution Form at Level 1, which did not result in a favorable decision for the plaintiff. Id.; see also HCN Amended And Restated Gaming Ordinance (hereinafter Gaming Ordinance), § 1709.
6. On or about July 24, 2002, the plaintiff filed Ms Level 4 customer dispute with the HCN Gaming Commission. Mot. Hr’g (LPER at 1, July 8, 2003, 01:37:23 CDT); Hr. in Supp. of Defs. ’ Mot. to Dismiss at 3; see also Gaming Ordinance, § 1709. The HCN Gaming Commission has neither conducted a hearing nor rendered a decision on the dispute. Mot. Hr’g (LPER at 1, 01:37:23 CDT); see also Gaming Ordinance, §§ 1710-11.
7. On July 24, 2002, the plaintiff filed the Complaint. The plaintiff appears to allege two (2) potential bases lor the exercise of subject matter jurisdiction. Cornpl. at 2-3. First, the plaintiff asserts that he “entered into an enforceable contract under the gaming laws of the Ho-Chunk Nation and the State of Wisconsin.” Id. at 2. The plaintiff, however, makes no reference to any particular law of the Nation. Second, the plaintiff argues “[t]he breach of [a] duty [of care] and negligence on the part of the defendantfs].” Id. at 3. Yet, the plaintiff again fails to reference any law of the Nation regarding his apparent tort claims.
8. On August 13, 2002, the Nation and Ho-Chunk Casino filed the Defendants’ Answer, contending that the Court, lacked subject matter jurisdiction. Defs. ’ Answer at3-4.
9. On March 31, 2003, the Court granted the parties’ request to amend the December 10, 2002 Scheduling Order. The modification extended the deadlines to file amendments to pleadings and dispositive motions to June 2, 2003. Stipulation & Order to Amend Scheduling Order at 1.
10. On April 17, 2008, the Nation and Ho-Chunk Casino filed its Motion to Dismiss, arguing, m part, that the Court *394 lacked subject matter jurisdiction. Br. in Supp. of Defs. Mot. to Dismiss at 4-6.
11. On April 18, 2003, the Court scheduled a Motion Hearing to occur in conjunction with the April 28, 2003 Status Hearing. Order (MotHr’g).
12. On April 28, 2003, the plaintiff timely filed an amended pleading, naming Bally Gaming as a party. The plaintiff made absolutely no modifications to the jurisdictional statements contained within the cause of action sections of the pleading. Am. Com pi. at 2-3.
13. On April 28, 2003, the Court granted the plaintiffs request for an extension of time to respond to the Motion, to Dismiss. SInhis Ih’g (LPER al 1, 02:48:03 CDT). The Court extended the response deadline to May 12, 2003, and scheduled a Motion Hearing for May 16, 2003. Id. at 2, 02:56:10 CDT.
14. On May 7, 2003, Bally Gaming submitted a letter to the Court, indicating the following:
[bjecause the [C]ourt did not accept the plaintiff s amended pleading until April 28, 2003, Bally will answer any discovery previously served using April 28th as the date of sendee. I have spoken to [Attorney] Grogan who agrees with this approach. [Attorney] Grogan’s requests seek responses within thirty days, and therefore Bally will serve its discovery responses if necessary on or before May 28, 2003.
Bally Gaming correspondence.
15. On May 12, 2003, the plaintiff filed a timely response to the motion in which he requested “the Court to dismiss the complaint and amended complaint of plaintiff without prejudice pursuant to Rule 56(A): of the [Ho-Chunk Nation] Rules of Civil Procedure.” Mot for Voluntary Dismissal.
16.Bally Gaming has never filed an answer to the April 28, 2003 Amended Complaint due to the parties’ desire to first resolve the April 17, 2003 Motion to Dismiss. Status Hr’g (LPER at 2, 02:52:00 CDT). The responsive pleading timeframe would have otherwise lapsed on May 19, 2003, seven (7) days after the plaintiffs filing of the Motion for Voluntary Dismissal. See HCN R. Cin. P. 5(A)(2).
DECISION
The present dispute centers around whether the Court should grant a dismissal of the case with or without prejudice. The Court properly consults the HCN R. Civ. P. to make this determination. In particular, the Court directs its attention to Rule 56, examining both the current and former versions of the text.
The Court shall first address the requested dismissal with regard to the defendant, Bally Gaming. The plaintiff requested a voluntary dismissal on May 12, 2003, fourteen (14) days after the Court accepted the filing of the Amended. Complaint, which named Bally Gaming as a party. Lip to that point, Bally Gaming legal counsel had sought to appear pro hae vice and had physically appeared at a single half hour hearing. Also, Bally Gaming had submitted only one (1) filing in the form of a two ©-paragraph letter on May 7, 2003. Bally Gaming had neither responded to any discovery requests nor had been requested by the Court to participate in a scheduling conference. Most importantly, Bally Gaming had not yet filed an answer to the Amended Complaint.
The applicable procedural provision indicates that “[a] plaintiff may file a Notice of Dismissal any time prior to the filing of an Answer. The Complaint will be dismissed without prejudice.” HCN R. Civ. P. 56(A) (emphasis added). In the instant case, the *395 plaintiff requested a voluntary dismissal prior to the filing of an answer by Bally Gaming. These facts are undisputed. Therefore, the Court follows the clear direction of the preceding rule, and dismisses the case against Bally Gaming without prejudice.
The Court cannot apply the same rule against the remaining defendants since the Nation and Ho-Chunk Casino answered the initial pleading nearly nine (9) months before the voluntary dismissal request. The plaintiffs request also occurred after the defendants’ April 17, 2003 motion for dismissal with prejudice. Consequently, the Court must apply the second provision of Rule 56, which reads in relevant part: “[ajfter an Answer has been filed, a party must file a Motion to Dismiss. A Motion to Dismiss will be granted at the discretion of the Court. A Motion to Dismiss may be granted for a lack of jurisdiction ... or[ ] if the plaintiff so requests.” Id., Rule 56(B).
The above rule differs in two (2) key respects from the former version of the involuntary dismissal provision. First, the previous rule stated that the resulting “Order to dismiss a claim is a dismissal with prejudice.” HCN R. Civ. P. 56(B) (adopted Feb. 22, 1997) (emphasis added). The Ho-Chunk Nation Supreme Court (hereinafter Supreme Court) omitted this sentence from the revised rule. Second, the previous rule did not specifically provide an opportunity for the plaintiff to request a dismissal after the filing of an answer. Id.
The Court must weigh the significance of the February 11, 2002 revisions. The Supreme Court’s decision to omit the above-sentence serves to impart to this Court the discretion to grant involuntary dismissals with or without prejudice. In this respect, the Court maintains an equivalent discretionary authority with that ex-erased by its federal judicial counterparts. However, the Court’s use of such discretion will not necessarily resemble a federal district court’s resolution of a similarly filed motion to dismiss. The potential variation in results derives from the difference in the language of the respective rules and the underlying reason(s) for such difference.
The relevant federal rule enables a court to enter an involuntary dismissal “[flor failure of the plaintiff to prosecute ... an action or ... any claim against the defendant. Unless the court ⅛ its order for dismissal otherwise specifies, a dismissal under this subdivision ..., other than a dismissal for lack of jurisdiction . .. operates as an adjudication upon the merits.” Fed.R.Cív.P. 41(b). In other words, a dismissal for lack of subject matter jurisdiction would be rendered without prejudice in a federal forum. See e.g., Leaf v. Supreme Ct. of the State of Wis., 979 F.2d 589, 595 (7th Cir.1992). This practice finds its origin in the common law where “dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim.” Costello v. United States, 365 U.S. 265, 285, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). In particular, “ ‘[i]f the first suit was dismissed for ... the want of jurisdiction ..., the judgment rendered w[ould] prove no bar to another suit.’ ” Id. at 286, 81 S.Ct. 534 (quoting Hughes v. United States, 4 Wall. 232, 71 U.S. 232, 237, 18 L.Ed. 308 (1866)).
However, the Court cannot simply adopt the Anglo common law tradition. Rather, the Court develops its common law through the gradual incorporation of traditional and customary precepts as enunciated by the Ho-Chunk Nation Traditional Court. See e.g., Ho-Chunk Nation v. Harry Steindorf et al., CV 99-82 (HCN Tr. Ct., Feb. 11, 2000), aff'd, SU 00-04 (HCN S.Ct., Sept. 29, 2000); see also Con *396 stitution of the Ho Chi nk Nation (hereinafter CONST.)., Art. VII, § 5(a), The history of HCN It. Cm P. 515(B) exposes the dissimilarity between it and Fed.R.Civ.P. 41(b). Former Rule 56(B) directed the Court to dismiss causes of action with prejudice regardless of whether the Court reached the merits of the claim(s). The Nation previously fell victim to this rule in a case where it failed to properly allege the presence of subject matter jurisdiction. Steindorf, CV 99-82 at 1.
The Court now possesses a degree of discretion in determining the effect of an involuntary dismissal, but the Court simply has no basis for applying foreign common law concepts, which never informed the earlier version of the rule. Furthermore, while the Supreme Court amended the HCN R. Civ. P. after its affirmance of the Steindorf decision, it did not except jurisdictional dismissals from the application of the rule. Instead, the Supreme Court may have intended that its deletion of the impact provision correspond only with its additional allowance for a plaintiff to request a post-responsive pleading dismissal. That is to say, the Supreme Court sanctioned the practice of permitting dismissals without prejudice upon a plaintiffs unchallenged request. Even more likely, the Supreme Court also recognized the wisdom of granting dismissals without prejudice prior to the amendment to pleadings deadline. If the Court received a motion to dismiss prior to the amendment to pleadings deadline set forth in a scheduling order, then the Court would logically decline to dismiss an action with prejudice for want of subject matter jurisdiction since the plaintiff could shortly thereafter modify his or her jurisdictional assertion. See HCN It. Civ. /’. 21.
In the instant case, the plaintiff filed his Motion for Voluntary Dismissal prior to the amendment to pleadings deadline, but on the final day to respond to the defendants’ Motion to Dismiss. The defendants’ motion attacked the sufficiency of the initial pleading as concerns the jurisdictional statement. Over eight (8) months earlier, the defendants’ Answer levied the same attack. The plaintiff, however, made no modifications to the jurisdictional statement within the Amended Complaint, and as of July 8, 2003, conceded that he could neither find an applicable waiver of sovereign immunity nor “any legislative act in the Ho-Chunk Nation that permits this type of lawsuit.” Mot. Hr’g (LPER at 4, 01:57:43 COT); see also Const., Art. Xu, § 1.
Quite simply, the plaintiff failed to state proper “grounds upon which the Court’s jurisdiction depends” in his Complaint. HCN R. Civ. P. 3. The Court has assisted the public through its creation of boilerplate initial pleading forms, which clearly indicate that jurisdictional allegations need to conform to constitutional requirements. See http: //ho-chunknation.com/government/judicial/forms.htm (last visited Nov. 19, 2003) (on file with HCN Judiciary). The Court has also provided the plaintiff ample opportunity to cure the lingering defect, but the plaintiff has instead revealed an inability to do so. Despite this fact, the plaintiff has subjected the defendants to an already protracted period of litigation, during which the defendants have made numerous filings and appearances in court.
The plaintiff did suggest the possibility that the Court might need to conduct a review of a future HCN Gaming Commission decision. Mot. Hr’g (LPER at 1, 01:37:23 CDT). However, the HCN Gaming Commission should have entered such a decision within fourteen (14) days after the filing of the July 24, 2002 Level 4 customer dispute. Gaming Ordinance, § 1711. The HCN Gaming Commission *397 has entered no decision, but the plaintiff has not amended his suit to name this agency for the purpose of securing any type of injunctive relief.
The Court has expended much time and effort throughout this proceeding, and the defendants have suffered great inconvenience in defending this suit. Therefore, the Court, in its discretion, dismisses the case with prejudice against the Nation and Ho-Chunk Casino in light of the above-noted factors. As stated earlier, the Court dismisses the case without prejudice against Bally Gaming.
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court.[4] The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure [hereinafter HCN R.App. P.], specifically [HCN R.App. P.], Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within thirty (30) calendar days after the day such judgment or order was rendered, file with the [Supreme Court] Clerk of Court, a Notice of Appeal from such judgment or order, together with a filing fee of thirty-five dol-ters ($35 U.S.).” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN RApp. PA’ HCN R. Civ. P. 61.
IT IS SO ORDERED this 19th day of November 2003, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI -within the sovereign lands of the Ho-Chunk Nation.

. Administrative stall processed the initial pleading despite the lack of a proper signatory'. See Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rule 16. Pursuant to past practice, the Court should have afforded the plaintiff the ability to correct the mistake, but Attorney William J. Gro-gan’s later actions effectively remedied the omission. See e.g., HCN Dep’t of Hous., Home Ownership Program v. Mick Boardman d/b/a T & Son's Gen. Contractors, CV 99-107 (HCN Tr. Ct., Sept. 1, 2000).

. The HCN R. Civ. P. permit the Court to seive the Complaint upon the DOJ when the plaintiff/petitioner names as a party either a unit of government or enterprise or an official or employee being sued in their official or individual capacity. HCN R. Civ. P. 27(B).

. The plaintiff's accompanying Affidavit of Service indicated that he had personally served the original Summons and Complaint and an Amended Summons and Complaint upon a registered agent of Bally Gaming and Systems (hereinafter Bally Gaming) on March 21, 2003. The plaintiff did not file copies of these documents with the Court. The HCN R. Civ. P. do not require a summons for an amended pleading, but consider such filings as motions in an existing case. HCN R: Civ. P. 5(B), 20. Regardless, the HCN R. Civ. P. require that each party be served with a copy of the original pleading, but only the Clerk of Court maintains the authority to facilitate the service of summons. Id., Rule 5(A)(2). This fact may explain the absence of a responsive pleading from the defendant. Bally Gaming. See Correspondence from Att’y Steven L. Nelson (Apr. 11, 2003).

. The Supreme Court earlier emphasized that it “is not bound by the federal or state laws as to standards of review." Louella A. Kelty v. Jonette Pettibone et al., SU 99-02 (HCN S.Ct., Sept. 24, 1999) at 2. The Supreme Court, therefore, intially adopted an abuse of discretion standard “to determine if an error of law was made by the lower court.” Daniel Youngthunder, Sr. v. Jonette Pettibone el al., SU 00-05 (HCN S.Ct., July 28, 2000) at 2; see also Coalition for a Fair Gov’t v. Chloris A. Lowe, Jr. et al., SU 96-02 (HCN S.Ct., July 1, 1996) at 7-8; JoAnn Jones v. HCN Election Bd. et al., CV 95-05 (HCN S.Ct., Aug. 15, 1995) at 3. The Supreme Court accepted the following definition of abuse of discretion: "any unreasonable, unconscionable and arbitrary action taken without proper consideration of facts and law pertaining to the matter submitted.” Youngthunder, Sr., SU 00-05 at 2 (quoting Black’s Law Dictionary 11 (6th ed.1990)). More recently, the Supreme Court has asserted that “[oln questions of law and Constitutional interpretation [it] applies the de novo standard of review.” Robert A. Mudd v. HCN Legislature el al., SU 03-02 (HCN S.Ct., Apr. 8, 2003) at 4 (citing Kelly, SG 99-02). Regarding findings of fact, the Supreme Court has required an appellant to “demonstrate] ] clear error with respect to the factual findings of the trial court.” Coalition, SU 96-02 at 8; but see Anna Rae Funmaker v. Kathryn Doornbos, SU 96-12 (HCN S.Ct., Mar. 25, 1997) at 1-2.