*152 ORDER (Granting Defendants’ Motion to Dismiss)
TODD R. MATHA, Associate Judge.
INTRODUCTION
The Court must determine whether the plaintiff may bring the instant action. The plaintiff has not identified an express waiver of the Ho-Chunk Nation’s sovereign immunity from suit. Therefore, the Court grants a dismissal in favor of the defendants on this issue.
PROCEDURAL HISTORY
The plaintiff, Ronald Kent Kirkwood, initiated the current action by filing a Complaint with the Court on August 14, 2003. Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint on August 15, 2003, and delivered the documents by personal service to the defendants’ representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ).[1] The Summons informed the defendants of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2). The Summons also cautioned the defendants that a default judgment could result from failure to file within the prescribed time period.
The defendants, by and through DOJ Attorney Michael P. Murphy, timely filed its Answer on September 4, 2003. The Court reacted by mailing Notice(s) of Hearing to the parties, informing them of the date, time and location of the Scheduling Conference. The Court convened the Scheduling Conference on September 23, 2003 at 1:30 p.m. CDT. The following parties appeared at the Conference: Ronald Kent Kirkwood, plaintiff; Attorney James C. Ritland, plaintiffs counsel; and DOJ Attorney Michael P. Murphy, defendants’ counsel. The Court entered the Scheduling Order on September 24, 2003, setting forth the timelines and procedures to which the parties should adhere prior to trial.
On October 30, 2003, the plaintiff filed his Amended Complaint. The defendants timely filed the Amended Answer on November 10, 2003. The defendants next filed the December 5, 2003 Motion to Dismiss accompanied by the required memorandum of law. See HCN R. Civ. P. 18. In response, the Court entered the December 8, 2003 Order (Motion Hearing). The *153 order informed the parties of the Court’s decision to convene a motion hearing for the purpose of entertaining the Motion to Dismiss. The order set forth the date, time and location of the Motion Hearing, which the Court scheduled in conjunction with the Pre-Trial Conference, and alerted the plaintiff to his legal rights and obligations in relation to the proceeding.
On December 17, 2003, the plaintiff filed a timely response to the defendants’ motion. Id,, Rule 19(B). The Court convened the Motion Hearing/Pre-Trial Conference on December 18, 2003 at 3:00 p.m. CST. The following parties appeared at the Hearing: Ronald Kent Kirkwood, plaintiff; Attorney James C. Ritland, plaintiffs counsel; and DOJ Attorney Michael P. Murphy, defendants’ counsel.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. VII—Judiciary
Sec. 5. Jurisdict ion of the Judiciary.
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
Art. X—Bill of Rights
Sec. 1. Bill of Rights.
(a) The Ho-Chunk Nation, in exercising its powers of self-government, shall not:
(8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law’;
Art. XII—Sovereign Immunity
Sec. 1. Immunity of Nation from Suit. The Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity, and officials or employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit.
Sec. 2. Suit Against Officials and Employees. Officials or employees of the Ho-Chunk Nation who act beyond the scope of their duties or authority shall be subject to suit in equity only for declaratory and non-monetary injunctive relief in Tribal Court by persons subject to its jurisdiction for purposes of enforcing rights and duties established by this constitution or other applicable laws.
APPROPRIATIONS AND BUDGET PROCESS ACT
Sec. 3. Declaration of Policy.
c. Funds appropriated under this Act may only be used for the specific purpose for which they have been appropriated.
d. It shall be unlawful for any person to violate any provision of this Act.
Sec. 7. Fiscal Accounting.
c. Home Ownership Program. Monies budgeted for Home Ownership Program expense commitments shall be carried over into the next fiscal year. The expense commitments are approved contracts for Elder grants, down payments, new construction, existing home purchases, refinancing, land, site development/improvements, utility extensions, and architect and engineering fees. This budgeting process *154 will carryover committed budget monies to the next fiscal year to enable completion/purchase of homes for tribal members. Sec. 8. Penalties,
a. Any person found guilty of violating any provision of this Act shall be fined an amount of $50,00 per day for each violation.
b. Notwithstanding any other provision of this Act, the Trial Court is hereby granted authority to order injunctive or declaratory relief against any person who violates any provision of this Act.
Sec. 9. Enforcement.
a. As legal counsel for the Nation, the Department of Justice shall prosecute all violations of this Act promptly whenever:
(1) On the basis of any information available to him or her, including receipt of information from any person, the Attorney General has reason to believe that any person is in violation of any provision of this Act; or
b. The Attorney General or his/her designee shall not exercise prosecutorial discretion.
c. The Attorney General shall make an initial determination as to whether a conflict of interests exists in his or her prosecution of violations of this Act, in writing to the Legislature, within ten (10) days after receiving information on an alleged violation as provided in paragraph 2.4.8.a, above.
d. Should the Legislature agree with the Attorney General that a conflict of interests exists, it may appoint special counsel for the purpose of prosecuting any violation of this Act. Any funds appropriated for special counsel shall be paid out of the Department of Justice annual budget.
Sec. 10. Sovereign Immunity.
a. In accordance with Article XII of the Constitution of the Ho-Chunk Nation, the Legislature hereby expressly waives the sovereign immunity of the Nation for the purposes of securing any right or punishing any offense under this Act.
b. In accordance with paragraph a, above, the Legislature hereby declares that any person violating any provision of this Act is acting beyond the scope of their duties or authority and is therefore to be held personally liable for violations of this Aet.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(A) Definitions.
(2) Summons—The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See HCN R. Civ. P. 6) and that a Default Judgment may be entered against them if they do not file an Answer in the prescribed time. It shall also include the name and location of the Court, the ease number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a eopy of the filed Cornplaint attached.
Rule 18. Types of Motions.
Motions are requests directed to the Court and must be in wilting except for those made at trial. Motions based on factual matters shall be supported by affidavits, references to other documents, testimony, exhibits or other material already in the Court record. Motions based on legal matters shall contain or be supported by a legal memorandum, which states the issues and legal basis relied on by the moving party. The Motions referenced within these rules shall not be considered exhaustive of the Motions available to litigants.
*155 Rule 19. Filing and Responding to Motions.
(B) Responses. A Response to a written Motion must be filed at least one (1) day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Rule 56. Dismissal of Actions.
(A) Voluntary Dismissal. A plaintiff may file a Notice of Dismissal any time prior to the filing of an Answer. The Complaint will be dismissed without prejudice.
(B) Involuntary Dismissal. After an Answer has been filed, a party must file a Motion to Dismiss. A Motion to Dismiss will be granted at the discretion of the Court. A Motion to Dismiss may be granted for a lack of jurisdiction; if there has been no Order or other action in a case for six (6) months; if a party substantially fails to comply with these rules; if a party substantially fails to comply with an order of the Court; if a party fails to establish the right to relief following presentation of all evidence up to and including trial; or, if the plaintiff so requests.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend, or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based *156 upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
FINDINGS OF FACT
1. The parties received proper notice of the December 18, 2003 Motion Hear-inglPre-Trial Conference.
2. The plaintiff, Ronald Kent Kirk-wood, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A003216, and resides at 317 South Edward Street, Mount Prospect, IL 60056. The plaintiff was born on October 12, 1934, and became an enrolled member on July 22, 1996.
3. The defendants, Ho-Chunk Nation Department of Housing and Ho-Chunk Nation Legislature (hereinafter Legislature), are sub-entities of the Ho-Chunk Nation, a federally recognized Indian tribe with principal offices located on trust lands at the Ho-Chunk Nation Headquarters, W9814 Airport Road, P.O. Box 667, Black River Falls, WI.
4. The defendants possess sovereign immunity from suit absent an express legislative waiver. See Constitution of the Ho-Chunk Nation (hereinafter Constitution), Akt. XII, § 1; see also Chloris A. Lowe, Jr. v. HCN Legislature et ai, CV 97-12 (HCN Tr. Ct., Mar. 21, 1997) at 14, affd, SU 97-01 (HCN S.Ct., June 12, 1997).
5. On November 7, 1995, the Legislature adopted a resolution entitled, “?S’okra,” which recognized that elders’ “years are limited and their housing needs are critical, therefore, the housing for all of the elders shall have priority over all other segments of the Ho-Chunk population.” HCN Leg. Res. 11-07-95D at 2.
6. On August 18, 1998, the Ho-Chunk Nation Executive Branch presented a document entitled, “Ho-Chunk Nation Elder *157 Housing Strategic Plan (hereinafter Elder Housing Plan ),” to the Legislature. The stated purpose of the Elder Housing Plan was “to present a strategy for providing housing to those 127 elders with applications pending or approved within the Home Ownership Program [‘HOP’].” Elder Hous. Plan, Ch. 1 at 1. The Executive Branch believed that it could accomplish this goal within a two-year timeframe. Id.
7. The Elder Housing Plan revealed that HOP maintained thirty-seven (37) “approved an active Elder files,” and ninety (90) additional files pending final approval. Id., Ch. Ill at 3. The Elder Housing Plan made the following projections:
by July 1, 1999 Provide 53 homes by July 1, 2000 Provide an additional 74 homes
Id., Ch. IV at 4 (emphasis in original). The Elder Housing Plan advocated HOP construction approval on the basis of age, and divided the elder population into eight (8) tiers. Id. at 5. The plaintiff occupied a position in the final tier (60 to 64 years of age) as of August 18, 1998, and, therefore, would have received the lowest priority under the proposed scheme.
8. The Executive Branch requested “budget modifications totaling $9,850,978.00 for new home construction and administrative costs,” and an amendment to the APPROPRIATIONS AND BUDGET Process Act (hereinafter Appropriations Act) to enable fiscal year carryover for HOP. Id., Chs. IV-V at 4, 6.
9. On August 18, 1998, the Legislature took formal action on the Elder Housing Plan, approving an HOP budget modification by motion and passing two (2) related resolutions. HCN Leg. Mins. (Aug. 18, 1998) at 4.
10. First, the Legislature passed a motion “allocating] $9,850,978.00 for Elder Housing Budget.” HCN Leg. MOT. 08-18-98 at 4. The Legislature noted that the funding allocation “includes all Elders with applications currently on file with the Home Ownership Program.” Id.
11. Second, the Legislature adopted a resolution for the purpose of amending the Appropriations Act, adding subsection 7(c), “Home Ownership Program.” HCN Leg, Res. 08-18-98A.
12. Third, the Legislature adopted a resolution for the purpose of amending the Home Ownership Manuals
to require that, as a condition for eligibility to receive home ownership assistance under the Program, any applicant whose Home Ownership application was not approved prior to July 1, 1998, must have been enrolled for five years prior to the commencement of the fiscal year in which the approval of such applicant’s file is considered....
HCN Leg. Res. 08-18-98B.
13. On August 6, 2003, the Legislature adopted a resolution for the purpose of further amending the Elder HOP Policy. The Legislature crafted an Elder Point Criteria based upon length of enrollment and military service and associated disability. HCN Leg. Res. 08-06-03A. The new criteria does not impact previously approved elder files. Id.
14. The plaintiff stated that his application never received HOP approval due to the intervening rule changes identified above. Mot. Hr'y/Pre-Trial Conference (LPER at 3, Dec. 18, 2003, 03:16:21 CST).
15. The plaintiff suggested that a grievant could pierce sovereign immunity by merely alleging a constitutional deprivation and/or violation. The plaintiff did not elaborate upon this broad assertion. Consequently, the Court provided the plaintiff the opportunity to provide analogous foreign case law capable of supporting his claim. Id. at 5, 03:40:17 CST. To *158 date, the plaintiff has made no further filings with the Court.
DECISION
The Court may exercise subject matter jurisdiction “over all cases and controversies ... arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation.” Const., Art. VII, § 5(a); see also Ho-Chunk Nation v. Harry Steindorf et al., CV 99-82 (HCN Tr. Ct,, Feb. 11, 2000), aff'd, SU 00-D4 (HCN S.Ct., Sept. 29, 2000). However, “[t]his grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.” Id. Rather, the Constitution instructs that the Legislature must provide a waiver in express terms before the Court may entertain the merits of a cause of action against the Nation or one of its sub-entities. Const., Art. XII, § 1.
The plaintiff alleges a violation of his right to equal protection of the Nation’s laws, thereby presenting a proper case or controversy, i.e., a constitutional deprivation. See id., ART. X, § 1(a)(8). Yet, the plaintiff must properly identify a waiver of the Nation’s sovereign immunity from suit. The two (2) issues remain distinct, and while the plaintiff argued their interconnectedness, the plaintiff failed to persuade the Court, especially in the absence of any supporting authority.
The presence of sovereign immunity does not necessarily enable constitutional violation to go unchecked. The Nation may insulate itself from an award of monetary damages, but the Court may grant non-monetary declaratory and injunctive relief against the Nation’s officials an employees. Id., Art. XII, § 2; see also Lowe, Jr., CV 97-12 (HCN Tr. Ct., Mar. 21, 1997) at 14 aff'd, SU 97-01 (HCN S.Ct,, June 12, 1997). Consequently, the naming of parties to a suit becomes an important exercise. See HCN R. Civ. P. 27(B); see also Appropriations Act, § 10(b). In the instant case, the defendants alerted the plaintiff to the presence of sovereign immunity within its responsive pleading, but the plaintiff failed to amend his pleading prior t the scheduled deadline. See Scheduling Order at 1; Defs.’ Answer at 2.
Therefore, the Court must examine the plaintiffs contention that the Appropriation Act includes an express waiver in relation to his cause of action. The act contains the following provision: “[i]n accordance with Article XII of the Constitution of the Ho-Chunk Nation, the Legislature hereby expressly waives the sovereign immunity of the Nation for the purposes o securing any right or punishing any offense under this Act.” Appropriations Act, § 10(a). I this regard, the plaintiff has alleged that the defendants violated the HOP carryover amendment. See id., § 7(c). The plaintiff specifically claims a misappropriation of funds, which he contend is actionable under the act. Id., § 3(c-d).
The HOP amendment provides, in part, that “[m]onies budgeted for Home Ownership Program expense commitments shall be carried over into the next fiscal year. The expense commitments are approved, contracts for Elder ... new construction....” Id., § 7(c) (emphasis added). Consequently, the plaintiff must demonstrate the presence of an HOP expense commitment, or, in other words, an approval of his HOP file. The plaintiff, however, admitted at the Motion Hearing/Pre-Trial Conference that HOP had not approved his file.
In addition, the plaintiff seemingly argued that the Legislature had approved his new home construction when it performed the HOP budget modification. The legislative motion appears to indicate *159 that the Legislature intended the $9,850,978.00 funding allocation to service “all Elders with applications currently on file.” HCN Leg. Mot. 08-18-98 at 4. The Legislature undoubtedly took this figure from the Elder Housing Plan, which encompassed the 127 elder applications on file at the time, including the plaintiffs.
However, the Legislature passed a resolution on the same day, which directly undermines the plaintiffs claim. See HCN Leg. Res. 08-18-98B. The resolution, in effect, trumps the rather inarticulate motion. The Legislature could not have intended that the plaintiff receive a portion of the budget increase since it explicitly restricted his access to HOP funds for a period of five (5) years. Id. In any event, the plaintiff cannot demonstrate the presence of an applicable express waiver of sovereign immunity when he, at best, can only reveal the ambiguity inherent in the legislative actions.
Moreover, assuming arguendo that the plaintiff could avail himself of the Appropriations Act waiver, the plaintiff would not possess the ability to bring an individual suit to address the alleged violations of law. Instead, the DOJ would need to prosecute the matter. Appropriations Act, § 9. The plaintiff can safely assume that the Attorney General determined, on the basis of the Complaint, that she lacked “reason to believe that any person [wa]s in violation of any provision of th[e] Act.” Id., § 9(a)(1). Otherwise, the DOJ would have initiated suit since it possesses no prosecu-torial discretion.[2] Id., § 9(b).
BASED UPON THE FOREGOING, the Court grants the defendants’ Motion to Dismiss on the grounds identified above. The Court shall provide the parties a period of twenty (20) days to submit legal memoranda, arguing whether the dismissal should be with or without prejudice. The parties should review past judicial decisions on this issue when preparing their respective submissions. See Laura L. Snake v. Douglas Greengrass, CV 03-61 (HCN Tr. Ct., Jan. 22, 2004); HCN Dep't of Hous, Prop. Mgmt. Div. v. Summer Martin et al., CV 03-23 (HCN Tr. Ct., Jan. 13, 2004); Rachel Heno Mendoza v. HCN Office of Tribal Enrollment, CV 03-58 (HCN Tr. Ct., Dec. 17, 2003); Troy S. Westphal v. Ho-Chunk Nation et al., CV 02-75, 2003 WL 25755012, 4 Am. Tribal Law 386 (HCN Tr. Ct., Nov. 19, 2003).
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure [hereinafter HCN R.App. P.f, specifically [HCN R.App. P. ], Rule 7, Right of Appeal.” HCN R. Cm P. 61. The appellant “shall within thirty (30) calendar days after the day such judgment or order was rendered, file with the [Supreme Court] Clerk of Court, a Notice of Appeal from such judgment or order, together with a filing fee of thirty-five dollars ($35 U.S.).” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. HCN R. Civ. P. 61.
IT IS SO ORDERED this 26th day of January 2004, by the Ho-Chunk Nation Trial Court located in Black River Falls, *160 WI within the sovereign lands of the Ho-Chunk Nation.

. The Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.) permit the Court to serve the Complaint upon the DOJ when the plaintiff/petitioner names as a party either a unit of government or enterprise or an official or employee being sued in their official or individual capacity. HCN R. Civ. P. 27(B).

. Hypothetically, if the plaintiff disagreed with the Attorney General’s determination, then the plaintiff could bring suit for declaratory and injunctive relief against the Attorney General in order to force her to uphold her legal obligations and responsibilities. The plaintiff could have similarly brought suit against individual actors in the case at bar.