*321 ORDER (Denying Defendants’ Motion to Modify)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court must determine whether to grant the Defendants’ Motion to Modify. The defendants contest the Court’s award of monetary damages in the instant case, but the defendants failed to assert the defense of sovereign immunity within their responsive pleading. Therefore, the Court denies the motion.
PROCEDURAL HISTORY
Court recounts the procedural history in significant detail within its December 16, 2005 Order (Determination upon Remand). For purposes of this decision, the Court notes that the defendants, by and through Ho-Chunk Nation Department of Justice (hereinafter DOJ) Attorney Michael P. Murphy, filed their January 13, 2006 Motion to Modify. See Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rule 58(C). The Court responded by issuing its January 18, 2006 Order (Motion Hearing) accompanied by Notice(s) of Hearing, which informed the parties of the date, time and location of the Motion Hearing. Prior to convening the Hearing, the plaintiff submitted the timely Response to Defendants’ Motion to Modify on January 20, 2006. Id., Rule 19(C). The Court convened the Healing on February 22, 2006 at 9:30 a.m. CST. The following parties appeared at the Motion Hearing: Louella A. Kelty n/k/a Youngthunder, plaintiff; Daniel E. Young-thunder, Sr., plaintiffs spokesperson; and DOJ Attorney Michael P. Murphy, defendants’ counsel.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Article XII-Sovereign Immunity
Sec. 1. Immunity of Nation from Suit. The Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity, and officials or employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit.
Sec. 2. Suit Against Officials and. Employees. Officials and employees of the Ho-Chunk Nation who act beyond the scope of their duties or authority shall be subject to suit in equity only for declaratory and non-monetary injunctive relief in Tribal Court by persons subject to its jurisdiction for purposes of enforcing rights *322 and duties established by this constitution or other applicable laws.
HO-CHUNK NATION PERSONNEL POLICIES AND PROCEDURES MANUAL (updated July 10, 1998)
RESOLUTION G-ÍMJ8A [p. 50bj
Tribal Court Review:
Judicial review of any appealable claim may proceed to the HoChunk [sic ] Tribal Court after the Administrative Review Process contained in this Chapter has been exhausted. The HoChunk [sic ] Nation Rules of Civil Procedure shall govern any judicial review of an eligible administrative grievance shall file [sic ] a civil action with the Trial Court within thirty (30) days of the final administrative grievance review decision.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 3. Complaints.
General. A civil action begins by one of the following procedures.
(A)filing a written Complaint with the Clerk of Court and paying the appropriate fees. The Complaint shall contain short, plain statements of the grounds upon which the Court’s jurisdiction depends; the facts and circumstances giving rise to the action; and a demand for any and all relief that the party is seeking. Relief should include, but is not limited to the dollar amount that the party is requesting. The Complaint must contain the full names and addresses of all parties and any counsel, as well as a telephone number at which the Complainant may be contacted. The Complaint shall be signed by the filing party or his/her counsel, if any.
Rule 6. Answering a Complaint or Citation.
(A) Answering a Complaint. A party against whom a Complaint has been made shall have twenty (20) calendar days from the date the summons is issued, or from the last date of service by publication to file an Answer with the Clerk of Court. The Answer shall use short plain statements to admit, admit in part, or deny each statement in the Complaint, assert any and all claims against other parties arising from the same facts or circumstances as the Complaint and state any defenses to the Complaint. The Complaint must contain the full names of all parties and any counsel. The Answer must be signed by the party or his or her counsel and contain their full names and addresses, as well as a telephone number at which they may be contacted. An Answer shall be served on other parties and may be served by mail. A Certificate of Service shall be filed as required by Rule 5(B).
Rule 19. Filing and Responding to Motions.
(B) Responses. A Response to a written Motion must be filed at least one (1) day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
Rule 58. Amendment to or Relief from Judgment or Order.
(C) Motion to Modify. After the time period in which to file a Motion to Amend or a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences upon *323 entry of the modified judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
FINDINGS OF FACT
1. The parties received proper notice of the February 22, 2006 Motion Hearing.
2. The plaintiff presented the following request for relief within her initial pleading:
that Native American Preference (Ho-Chunk Preference) be adhered to without prejudice!;] that [I] maintain my job and position!; that] I be compensated for loss [sic ] wages, ... for insurance and disability policy, and any benefits related to the loss of my job[; and] that the Recall Policy be adhered to folly, my seniority be[ing] considered] in all aspects.
Compl,, CV 98-49 (Aug. 4, 1998) at 2; see also HCN R. Civ. P. 3(A).
3. The defendants failed to assert the defense of sovereign immunity from suit in response to the plaintiffs request for monetary damages. Answer, CV 98-49 (Aug. 27, 1998) at 5-6; see also Constitution of the Ho-Chunk Nation (hereinafter Constitution), Ain-. XII; HCN R. Cm P. 6(A).
DECISION
The defendants correctly note that the Court typically denies requests for retroactive monetary relief when a plaintiff fails to name either the Ho-Chunk Nation ot-oñe of its sub-entities in a pleading, provided that the Ho-Chunk Nation Legislature has expressly waived the government’s sovereign immunity for purposes of the cause of action at issue. Mot. to Modify at 3 (citing Roy J. Rhode v. Ona M. Garvin, as Gen. Mgr. of Rainbow Casino, CV 00-39 (HCN Tr. Ct., Aug. 24, 2001)); see also Const., Art. XII, § 1. In each instance, however, the defendant asserts the defense of sovereign immunity within his or her responsive pleading. See, e.g., Defendant’s Answer, CV 00-38 (May 25, 2000) at 5; see also Sheryl A. Cook v. Tammi Modica et al., CV 05-21 (HCN Tr. Ct., Nov. 22, 2005); Dolores Greendeer v. Randall Mann, CV 00-50 (HCN Tr. Ct., July 18, 2001). The Court will sometimes interject that the plaintiff could have amended his or her pleadings after receiving notice of the defect, but failed to do so. Rhode, CV 00-39 at 15; see also Sherry Wilson v. HCN Dep’t of Pers., CV 05-43 (HCN Tr. Ct., Jan. 4, 2006) at 13.[1] Regardless, the Court has afforded, and will continue to afford, proper recognition of the relevant defense.
In the casé at bar, the defendants did not raise the relevant defense, and the Court must dispense justice equally without regard to the identity of the parties. The defendants must bear the consequences of this failure in the same manner *324 as the above-referenced plaintiffs.[2] The Court accordingly denies the Defendants’ Motion to Modify, and reasserts its directive to the Department of Treasury “to deduct $10,000.00 from the Department of Business budget, and issue a check for such amount, subject to applicable taxation, to the plaintiff within a period of thirty (30) days.” Order (Determination on Remand) at 8,

. Wilson presents the analogous situation wherein the plaintiff failed to name an individual defendant in order to maintain a request for declaratory and injunctive relief since no waiver of sovereign immunity existed in relation to the cause of action. See Const.. Art. XII, § 2; see also Ronald K. Kirkwood v. HCN Horn, Dep’t et al., CV 03-62, 2004 WL 5595381, 5 Am. Tribal Law 151 (HCN Tr. Ct., Jan. 26, 2004).

. Initially, one might question the logic of requiring an individual to assert sovereign immunity on behalf of an unnamed governmental entity, but the Court is not simply entertaining an action between private actors. The plaintiff instead brought her cause of action under the laws of the Ho-Chunk Nation after exhausting available administrative remedies, naming institutional officials who received representation provided by the Nation. The Nation itself grants aggrieved employees the ability to proceed to Court. Ho-Chunk Nation Personnel Policies & Procedures Manual, Ch. 12 at 50b. Moreover, similarly situated officials, likewise represented by the DOJ, have raised the defense as stated above, likely because of the unique nature of these cases and the issues involved.