*445 ORDER
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court must determine whether to grant the defendants’ motion to dismiss. The plaintiffs request for monetary relief is barred by tribal sovereign immunity from suit, which cannot be circumvented under the guise of requesting equitable remedies. The analysis of the Court follows below.
PROCEDURAL HISTORY
The plaintiff, Duane J. Arendt, by and through Attorney James C. Ritland, initiated the current action by filing a Complaint with the Court on September 17, 2010. Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint on September 17, 2010, and served the documents upon the defendants’ representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ),[1] by personal service. See HCN R. Civ. P. 5(A)(1), (C)(1). The Summons informed the defendants of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2), 6(A). The Summons also cautioned the defendants that a default judgment could result from failure to file within the prescribed time period.
On October 6, 2010, the defendants prematurely filed a dispositive motion, which the Court declined to consider absent a further filing. Id., Rule 19(A) (permitting the filing of a motion “with any pleading or at any time after their first pleading has been filed”). The defendants, by and through Attorney Heidi A. Drobnick, rectified the deficiency on October 7, 2010, by submitting the Amended Motion to Dismiss & Answer, including a supportive legal memorandum. Id., Rule 18. The plaintiff filed a timely Response to Motion to Dismiss on October 13, 2010. Id., Rule 19(B).
The Court issued Notice(s) of Hearing on October 20, 2010, to inform the parties of the date, time and location of a Scheduling Conference. Prior to the Conference, the defendants filed an untimely October 22, 2010 reply. Id. Thereafter, the plaintiff submitted an Amended Complaint accompanied by a Motion for Leave to Amend Complaint[2] Idl, Rule 21. The Court convened the Scheduling Conference on November 3, 2010 at 2:30 p.m. CDT. The following parties appeared at the Con *446 ference: Duane J. Arendt, plaintiff; Attorney James C. Ritland, plaintiffs counsel; Angela K. Ward, defendant; and Attorney Heidi A. Drobnick, defendants’ counsel. The Court entered the Scheduling Order on November 3, 2010, setting forth the timelines and procedures to which the parties should adhere prior to trial.
On November 15, 2010, the defendants filed an amended responsive pleading and Second Amended Motion to Dismiss, including Written Motion Arguments & Supplement to Defendants’ Memorandum in Support of Motion to Dismiss in Response to Plaintiffs Amended Complaint (hereinafter Supplemental Memorandum ). Id., Rule 18. The Court convened the Motion Hearing on November 16, 2010 at 9:00 a.m. CST, having earlier afforded notice of the proceeding. Scheduling Order at 7. The following parties appeared at the Conference: Attorney James C. Rit-land, plaintiffs counsel; Angela K. Ward, defendant;[3] and Attorney Heidi A. Drob-nick, defendants’ counsel.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. VI—Executive
Sec. 1. Composition of the Executive.
(b) The Executive Branch shall be composed of any administrative Departments created by the Legislature, including a Department of the Treasury, Justice, Administration, Housing, Business, Health, Social Services, Education, Labor, and Personnel, and other Departments deemed necessary by the Legislature. Each Department shall include an Executive Director, a Board of Directors, and necessary employees. The Executive Director of the Department of Justice shall be called the Attorney General of the Ho-Chunk Nation. The Executive Director of the Department of the Treasury shall be called the Treasurer of the Ho-Chunk Nation.
Art. VII—Judiciary
Sec. 5. Jurisdiction of the Judiciary.
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in the Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
Sec. 6. Powers of the Tribal Court.
(a) The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all writs including attachment and mandamus.
Art. XII—Sovereign Immunity
Sec. 1. Immunity of Nation from Suit. The Ho-Chunk Nation shall be immune *447 from suit except to the extent that the Legislature expressly waives its sovereign immunity, and official and employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit.
Sec. 2. Suit Against Officials and Employees. Officials and employees of the Ho-Chunk Nation who act beyond the scope of their duties or authority shall be subject to suit in equity only for declaratory and non-monetary injunctive relief in Tribal Court by persons subject to its jurisdiction for purposes of enforcing rights and duties established by this constitution or other applicable laws.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(A) Definitions.
(1) Service of Process—The manner in which parties are informed of the Complaint or Citation and of the opportunity to Answer. Personal service is preferred, however, service by registered U.S. mail (return receipt requested) at the person’s home or usual place of business or employment are equally acceptable and effective. Other methods of sendee may be employed when, in the Court’s discretion, they are most likely to result in actual notification of the parties.
(2) Summons—The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See HCN R. Civ. P. 6) and that a Default Judgment may be entered against them if they do not file an Answer in the prescribed time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
(C) Methods of Service of Process.
1. Personal Service. The required papers are delivered to the party in person by the bailiff, or when authorized by the Court, a law enforcement officer from any jurisdiction, or any other person not a party to the action who is eighteen (18) years of age or older and of suitable discretion.
Rule 6. Answering a Complaint or Citation.
(A) Answering a Complaint. A party against whom a Complaint has been made shall have twenty (20) calendar days from the date the Summons is issued, or from the last date of service by publication, to file an Answer with the Clerk of Court. The Answer shall use short and plain statements to admit, admit in part, or deny each statement in the Complaint, assert any and all claims against other parties arising from the same facts or circumstances as the Com/plaint and state any defenses to the Complaint. The Complaint must contain the full names of all parties and any counsel. The Answer must be signed by the party or his or her counsel and contain their full names and addresses, as well as a telephone number at which they may be contacted. An Answer shall be served on other parties and may be served by mail. A Certificate of Service shall be filed as required by Rule 5(B).
Rule 18. Types of Motions.
Motions are requests directed to the Court and must be in writing except for those made in Court. Motions based on factual matters shall be supported by affidavits, references to other documents, testimony, exhibits or other material already in the Court record. Motions based on *448 legal matters shall contain or be supported by a legal memorandum, which states the issues and legal basis relied on by the moving party. The Motions referenced within these rules shall not be considered exhaustive of the Motions available to litigants.
Rule 19. Filing and Responding to Motions.
(A) Filing. Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered or mailed to other parties at least five (5) calendar days before the time specified for a hearing on the Motion. Motions for Extension of Time and More Definite Statement may be filed before the initial pleading.
Rule 21. Amendments to Pleadings.
Parties may amend a Complaint or Answer one time without leave of the Court prior to the filing of a responsive pleading, or if no responsive pleading is permitted, at any time within twenty (20) days of the original filing date. Subsequent amendments to Complaints or Answers may only be made upon leave of the Court and a showing of good cause, or with the consent of the opposing party. All amendments to the Complaint or Answer must be filed at least thirty (80) calendar days prior to trial or as otherwise directed by the Court. When an Amended Complaint or Answer is filed, the opposing party shall have ten (10) calendar days, or the time remaining in their original response period, whichever is greater, in which to file an amended responsive pleading.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the ease of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity that prevented a party from receiving a fair trial or a substantial legal error that affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this Rule, the time for initiating appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is consid- *449 ereri denied. The time for initiating the appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion, to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences upon entry of the modified judgment. If the Court denies a motion filed under this Rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (BO) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Re-issuance of Judgment. Clerical errors in a Court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; (2) fraud, misrepresentation or serious misconduct of another party to the action; (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii), did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the Rules of Appellate Procedure.
FINDINGS OF FACT
1. The parties received proper notice of the November 16, 2010 Motion Hearing.
2. The plaintiff, Duane J. Arendt, is a non-member, and resides at 4378 Lynn Hill, Nekoosa, WI 54457. Compl. at 1. The plaintiff is a teacher formerly employed by the Education Department. Resp. to Mot. to Dismiss, Attach. 1 (hereinafter Employment Agreement).
3. The defendant, Ho-Chunk Nation Department of Treasury, is an executive department of the Ho-Chunk Nation (hereinafter HCN or Nation), a federally recognized Indian tribe, with principal offices located on trust lands at HCN Headquarters, W9814 Airport Road, Black River Falls, WI 54615. See Constitution of the Ho-Chunk Nation (Hereinafter Constitution), Art. VI, § 1(b); see also 75 Fed.Reg. 60810 (Oct. 1, 2010). The defendant, Education Department, is an executive department of the Nation with principal offices at HCN Headquarters. The defendant, Angela K. Ward, is the Executive Director of the Education Department.
*450 4. On December 22, 2009, HCN President Wilfrid Cleveland executed a contract between the Education Department and the plaintiff. Employment Agreement at 5. The contract term extended until June 27,2010. Mat3.
5. The contract includes the following relevant provisions;
a. Compensation. The Nation agrees to compensate Teacher for the services specified in this Agreement as follows: Teacher shall receive as base compensation an amount equal to $49,500 annually, for the duration of this agreement, paid weekly with benefits outlined in Exhibit B attached hereto and incorporated herein by reference.
b. Termination for Cause by Nation. This Agreement may terminate immediately for cause upon Teacher’s violation of the Nation’s Drug and Controlled Substance Policy. Should teacher be found to no longer carry a valid teaching license, the Nation may terminate this Agreement immediately.
c. Choice of Law. This Agreement shall be construed under the laws of the Ho-Chunk Nation. The undersigned agrees that the Ho-Chunk Nation Trial Court of the Ho-Chunk Nation in Black River Falls, Wisconsin shall have exclusive jurisdiction over any claim or controversy arising hereunder. The undersigned does hereby consent to the subject matter and personal jurisdiction of said Court over any such dispute arising pursuant to this Agreement and any and all subsequent additions, appendixes, addends or any other amendment to this Agreement.
d. Non-Waiver of Sovereign Immunity. Nothing contained in this Agreement or any amendment hereinafter shall in any manner be construed or deemed to be a waiver of the sovereign immunity of the Nation.
Id. at 3-4 (alphabetical designations modified).
6. On or about January 22, 2010, the plaintiff alleged that former Executive Director Forrest A. Funmaker terminated him without cause in violation of the Employment Agreement. Compl. at 2; see also Defs.’ Rule 31 Required Disclosures, CV 10-83 (Nov. 15, 2010), Attach. D. The plaintiff requested relief in the amount of “$20,944.00 plus attorneys fees, costs and other damages” due to a loss of wages. Id. at 1-3. The plaintiff specifically requests that the defendants adhere to the above-cited Compensation provision of the Employment Agreement, which the plaintiff characterizes as an equitable remedy, ie., specific performance. Am. Compl. at 2; see also Mot. Hr’g (LPER, 09:23:19 CST).
7. The plaintiff filed his initial pleading after conclusion of the contract term.
DECISION
The parties noted “consent to the subject matter and personal jurisdiction of [the] Court over any ... dispute arising pursuant to thfej Agreement.” Employment Agreement at 4. Regarding personal jurisdiction, “[b]eeause the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.” Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Conversely, “subject-matter jurisdiction, because it involves a court’s power to hear a case, can never be forfeit ed or waived.” United States v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); see also Sadat v. Mertes, 615 F.2d 1176, 1188 (7th Cir.1980) (“jurisdiction otherwise lacking cannot be conferred by consent, collusion, laches, waiver, or estoppel”). And, the presence *451 oí “personal jurisdiction alone does not confer subject matter jurisdiction” upon the Court.[4] Ho-Chunk Nation v. Harry Steindorf et al., SU 00-04 (HCN S.Ct., Sept. 29, 2000) at 4.
Essentially, a court may exercise subject matter jurisdiction over a cause of action if constitutionally or statutorily empowered to hear such cases in general. Cotton, 535 U.S. at 630, 122 S.Ct. 1781. “Jurisdiction of the subject-matter, is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular ease, arising, or which is claimed to have arisen, under that general question.”[5] Hunt v. Hunt, 72 N.Y. 217, 229 (N.Y.1878). The constitutional case and controversy clause erects the metes and bounds of this Court’s subject matter jurisdiction.[6] Steindorf, SU 00-04 at 3 (citing Const., Art. VII, § 5(a)). Yet, the constitutional framers proceeded to clarify that “[t]his grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity,” thereby distinguishing the two (2) doctrines.[7] Const., Art. VII, § 5(a).
In this regard, the defense of sovereign immunity from suit resembles many other defenses that could impact a court’s ability to reach the merits of a given case. These defenses, however, are waivable. See, e.g., Kenneth L. Twin v. Douglas Greengrass, Executive Dir. of Admin., CV 03-88 (HCN Tr. Ct., Oct. 7, 2004) at 8, appeal denied, SU 04-08 (HCN S.Ct., Dec. 29, 2004) (commenting that a statute of limitation provides an affirmative defense subject to waiver). To be sure, a successful defense may prove dispositive and suspend farther consideration of a matter, but such defenses do not constitute attacks upon a court’s subject matter jurisdiction. Of particular relevance, our Supreme Court has concluded that “[w]here a party fails to assert a defense of sovereign immunity in a case, such a defense is waived,” Sharon Williams v. HCN Ins. Review, Comm’n, SU 08-01 (HCN S.Ct., Oct. 29, 2008) at 16 (citing Louella A. Kelly v. Jonette Pettibone et al., CV 98-49, 6 Am. Tribal Law 320 (HCN Tr. Ct., Feb. 22, 2006)).
So, while sovereign immunity assuredly differs from subject matter jurisdiction, the defendants have nonetheless asserted the associated defense in the present case. Am. Mot. to Dismiss & Answer at 2 (citing Const., Art. XII). The relevant constitutional text provides: “[t]he Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity....” Const., Art. XII, § 1. This immunity extends to the separate branches *452 and sub-entities of the tribe. Whiteagle, SU 04-06 at 6; Chloris A. Lowe, Jr. v. Ho-Chunk Nation et al., SU 97-01 (HCN S.Ct., June 13, 1997) at 3-4. The Nation has elearly retained its immunity as stated within the contract. Employment Agreement at 4. Consequently, the named Executive Branch departments are immune from suit.[8]
The Court’s review, however, is not at an end. The plaintiff also attempts to assert an equitable claim for relief against Executive Director Ward. The Court has long recognized that Article XII also embodies the Ex Parte Young doctrine.[9] Chloris A. Lowe, Jr. v. HCN Legislature et al., CV 97-12 (HCN Tr. Ct., Mar. 21, 1997) at 14-18 (citing Const., Art. XII, § 2; Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)), aff'd, SU 97-01 (HCN S.Ct., June 13, 1997).[10] In order to receive relief, a plaintiff must overcome the substantial hurdle of proving that an official or employee acted ultra vires, ie., beyond his or her powers. When successful, a party may obtain a remedy “in the nature of prospective forward relief, not damages to punish the defendant ... for ... past wrongs.” Hope B. Smith v. Ho-Chunk Nation, SU 03-08 (HCN S.Ct., Dec. 8, 2003) at 11; see also Robert A. Mudd, v. HCN Legislature: Elliot Garvin et al., SU 03-02 (HCN S.Ct., Apr. 8, 2003) at 6 n.2.
That being said, “decrees which by their terms [are] prospective in nature [may have] an ancillary effect on the state treasury!,]” and this result represents “a permissible and often an inevitable consequence of the principle announced in Ex parte Young." Edelman v. Jordan. 415 U.S. 651, 667-68, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); see also Smith, SU 03-08 at 11 (remarking that a prospective equitable remedy may have a monetary impact such as when the court orders a new election). The plaintiff also attempts to analogize to a Trial Court decision in support of his claim for monetary damages. Mot Hr’g (LPER, 09:23:24 CST) (citing Ronald K. Kirkwood v. Francis Decorah, in his official capacity as Dir. of HCN Hous. Dep’t, et al., CV 04-33 (HCN Tr. Ct., July 27, 2006)). In Kirkwood, the Court invalidat ed a legislative resolution that effectively and improperly denied the plaintiff a tribal elder housing grant. The Legislature did not adhere to standing bill process rules when enacting the resolution. Kirkwood, CV 04-33 at 9-12. As a result, plaintiff Kirkwood received the grant for which he was otherwise entitled to under the law. Id. at 15.
*453 The Court possesses constitutional authority “to issue all remedies in law and in equity.” Const., Art. VI, § 6(a). However, an “[o]fficial[ ] ... who act[s] beyond the scope of [he]r duties or authority shall be subject to suit in equity only for declaratory and nan-monetary injunctive relief ■ ...” Id., Art. XII, § 2 (emphasis added). Assuming arguendo that the plaintiff can establish an illegal breach of contract, he may only receive an equitable remedy. In each above-cited instance, the Court refrained from granting a retroactive legal remedy, i.e., money damages.[11] The Court simply cannot grant the plaintiffs request lor relief. “Typically ..., specific performance of a contract to pay money was not available in equity.... [Similarly,] for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant’s possession.” Great-West Life & Annuity Ins. Co. v. Knudson, 534 ILS. 204, 211, 214, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) (referencing vested ownership interests); cf. Larson v. Domestic & Foreign Corp., 337 U.S. 682, 698-703, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).
The Court acknowledges the seemingly harsh result, but the plaintiff was not without an available remedy. The plaintiff could have sought a preliminary injunction during the remainder of the contract term, but, to reiterate, the filing of the initial pleading followed the contract’s established expiration date. Moreover, the HCN Supreme Court has previously joined this assessment. Marx Adver., SU 04-07 at 4, 8-10 (involving a contract with equivalent jurisdictional and sovereign immunity provisions). The Court accordingly grants the defendants’ request for dismissal.
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from, Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. P], specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees.” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.
IT IS SO ORDERED this 15th day of February 2011, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation.

. The Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.) permit the Court to serve the Complaint upon the DOJ when the plaintiff/petitioner names as a party either a unit of government or enterprise or an official or employee being sued in their official or individual capacity. HCN R. Civ. P. 27(B). Parties can obtain a copy of the applicable rules by contacting the Ho-Chunk Nation Judiciary at (715) 284-2722 or (800) 434-4070 or visiting the judicial website at www.ho-chunknation.com/?PageID=123.

. At the Scheduling Conference, the Court accepted the plaintiff's amended pleading and established a deadline for response. Scheduling Conference (LPER, Nov. 3, 2010, 02:43:55 CDT).

. The Court removed Forrest A. Funmaker as a named defendant since no longer serving in the capacity of Executive Dircttoi of the Ho-Chunk Nation Department of Education (hereinafter Education Department). Mot. Hr'g (LPER, Nov. 16, 2010, 09:04:54 CST). The plaintiff can receive no redress from this former employee. See Timothy G. Whiteagle et al. v. Alvin Cloud, Chair of the Gen. Council, in his official capacity, et al., CV 04-04 (HCN Tr. Ct., Aug. 5, 2004) at 22-25, aff'd, SU 04 06 (HCN S.Ct, Jan. 3, 2005).

. At best, the Court could construe the above provision as a pledge that the Nation would not raise a defense of lack of subject matter jurisdiction, which did not occur here. Am. Mot. to Dismiss & Answer at 2.

. Even more precisely, ''[¡Jurisdiction in courts is the power and authority to declare the law. The very word, in its origin, imports as much; it is derived from juris and dico—I speak by the law.” Mills v. Commonwealth, 13 Pa. 627, 630 (Pa. 1850).

. As reflected in the findings of fact, this case involves a written contract or agreement executed by the Nation, which the Judiciary presumptively regards as an equivalent to statutory law. HCN Treas. Dep’t et al. v. Corvettes on the Isthmus et al., SU 07-03, 7 Am. Tribal Law 78 (HCN S.Ct., Nov. 19, 2007); Marx Adver. Agency, Inc. v. Ho-Chunk Nation et al., SU 04-07 (HCN S.Ct., Apr. 29, 2005); Ho-Chunk Nation v. Bank of Am., N.A., SU 03-06 (HCN S.Ct., Sept. 11, 2003); F. William Johnson v. Ho-Chunk Nation, CV 01-15 (HCN Tr. Ct., June 18, 2003).

.“[SJovereign immunity is a jurisdictional consideration separate from subject matter jurisdiction....” In re Prairie Island Dakota Sioux, 21 F.3d 302, 305 (8th Cir. 1994).

. "[SJovereign immunity applies regardless of whether a private plaintiff's suit is for monetary damages or some other type of relief." Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 765, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002).

. Federal courts have permitted a direct claim for money damages against an official under limited circumstances. An official would raise a defense of qualified or "good faith” immunity to defeat such a cause of action, and a court would need to assess whether the official’s actions violated a "clearly established” legal duty. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The Constitution appears to foreclose this type of claim, but, in any event, the plaintiff does not present a claim for individual liability. "|Q|uaIi-fied immunity only immunizes defendants from monetary damages.” Williams v. Kentucky, 24 F.3d 1526, 1541 (6th Cir.1994); see also Rivera-Ruiz v. Gonzalez-Rivera, 983 F.2d 332, 335 (1st Cir. 1993).

.The defendants incorrectly identify a contemporaneous case for this proposition. Supplemental Mem. at 4 (citing Joelene Smith v. Tammy Lang, as Head Start Dir., et al., CV 96-94). The Court did not issue a substantive decision in the Smith case until May 7, 1997.

. "[A] civil action for breach of contract resulting in an award of monetary damages has long been regarded as the quintessential ‘legal’ remedy, in contrast to those remedies yet deemed to be 'equitable' in nature ...” Kearl v. Rausser. No. 2:04-CV-00175 BSJ, 2007 WL 626356, *2-3, 2007 U.S. Dist. LEXIS 12875, at *7-8 (D.Utah Feb.23, 2007); see also Curtis v. Loether, 415 U.S. 189, 196, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).